```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NUMBER: 08-0176

MALCOLM R. PETAL, ET AL.                        SECTION: "I"(5)
```

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge, presently before the Court is the United States' motion for a show cause order with respect to the final order of garnishment that was previously entered in this matter. (Rec. docs. 151, 143). A hearing on the government's motion went forward on September 30, 2010 and the supplemental memoranda of the government and the respondent herein, Ruth Petal, are now before the Court. (Rec. docs. 166, 178, 179).[1]/ For the reasons that follow, it is

---

[1]/ The original garnishee, William Bosch, IV, was initially also a subject of the government's motion but he and the government reached a settlement subsequent to the hearing that was held on September 30, 2010. (Rec. docs. 176, 177).

recommended that the respondent be held in civil contempt and that a money judgment in the amount of $3,000.00 be entered against her.

On December 11, 2008, Malcolm Petal was charged in a single-count superseding bill of information with conspiracy to bribe a state official in connection with a program receiving federal funds. (Rec. doc. 29). Shortly thereafter, Petal pled guilty and agreed to pay $1,350,000 in restitution to the victim of the crime, the State of Louisiana. (Rec. docs. 31, 33). On April 23, 2009, Petal was sentenced to sixty months imprisonment and was ordered to pay the $1,350,000 in restitution as he had agreed to. (Rec. doc. 88).

Thereafter, after a certain amount of funds held in the registry of the court were ordered to be disbursed to the State as part of the restitution that it was due, the government commenced efforts to track additional assets of Petal which were in the hands of other entities and individuals. (Rec. docs. 89, 92, 93, 96, 105, 111-116). On September 30, 2009, Ruth Petal, defendant's mother, purportedly exercising a power of attorney on her son's behalf, filed a pro se motion seeking permission to receive the proceeds of a loan the defendant had contracted for prior to his surrender to prison and to use those proceeds to pay off a portion of the restitution he owed in addition to back property taxes, mortgage payments, and child support. (Rec. doc. 117). That motion was

denied on October 27, 2009 as was respondent's later motion for reconsideration. (Rec. docs. 120, 122, 123). On October 30, 2009, the government applied for a writ of garnishment under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §3001, et seq., as to garnishee, William Bosch, IV, who was believed to be occupying and paying monthly rent on defendant's home. (Rec. doc. 121). The government's application was granted on November 3, 2009 and Bosch was ordered to file an answer to the writ of garnishment within ten days. (Rec. doc. 124).

On November 13, 2009, Ms. Petal filed an emergency motion to quash the writ of garnishment directed to Bosch, arguing that the rights and responsibilities allegedly bestowed upon her by virtue of the power of attorney that had been granted to her by her son were being interfered with. (Rec. doc. 125). More specifically, Ms. Petal argued that she was responsible for collecting rents from the garnishee and to transmit said rents to the lender who held a mortgage on the property. (Id.). After receiving a response from the government, the District Judge denied the emergency motion to quash on November 23, 2009. (Rec. docs. 127, 128).

On December 21, 2009, Bosch filed an answer to the writ of garnishment, stating that he had paid or pre-paid monthly rent of $3,200 to Petal from June of 2009 to January of 2010 and that $9,600 remained due and owing to the defendant for February to

3

April of 2010. (Rec. doc. 130). On December 23, 2009, the defendant himself filed an emergency motion to quash requesting therein that the garnishee, Bosch, pay any rent proceeds directly to the mortgage holder on the property whose interest was alleged to be superior to that of the government. (Rec. doc. 131). Once again, the government filed a response opposing defendant's motion and the motion was denied on April 29, 2010. (Rec. doc. 136). On that same day the District Judge issued a final order of garnishment ordering Bosch to "... pay to the United States $3,200 in monthly rent at the time such rent would otherwise be due to Petal or his agent continuing until such time as [the] garnishee discontinues rental of Petal's property." (Rec. doc. 137 at p. 2). The final order of garnishment further directed "... the garnishee, Bosch, and Petal's attorney-in-fact, Ruth Petal, [to] provide to the United States Attorney's Office a complete accounting of all amounts paid for past rent" with "[a]ny amounts previously post-dated ... [to] be paid to the United States upon reaching the payable date." (Id.).

   Petal subsequently filed a notice of appeal as to the final order of garnishment as well as the denial of his emergency motion to quash. (Rec. doc. 139). A copy of the final order of garnishment was properly served upon Bosch and Ms. Petal. (Rec. doc. 143-1). After it failed to receive any of the garnished rents

4

or a full accounting of the amounts previously paid the government filed the motion at hand, asking that Bosch and Ms. Petal show cause as to why they should not be held in contempt and/or held jointly liable to the United States under the FDCPA, specifically 28 U.S.C. §§3205(c)(6), 3013, and 3003(c)(7)(C), for their non-compliance with the final order of garnishment. (Rec. doc. 143). The defendant, in turn, filed a motion to stay the final order of garnishment pending appeal which was denied on August 27, 2010. (Rec. docs. 146, 150).

   The show cause hearing was originally scheduled for September 17, 2010 but was continued one week at the request of Ms. Petal for personal reasons. (Rec. docs. 154-156).  On September 20, 2010, Bosch and Ms. Petal filed, in proper person, a joint motion to dismiss and opposition to the rule to show cause which was denied on September 23, 2010. (Rec. docs. 158, 164).  In the interim, Ms. Petal had retained counsel who moved for and was granted another one-week continuance of the show cause hearing. (Rec. docs. 159, 160, 163, 165).  For his part, Bosch had also retained counsel and both attorneys appeared with their clients who testified at the show cause hearing that was held on September 30, 2010. (Rec. docs. 166-168).   As  noted  earlier,  Bosch  subsequently  reached  a settlement with the government and the proceedings against him were dismissed. (Rec. docs. 176, 177).  The post-hearing briefs of Ms.

Petal and the government are now before the Court. (Rec. docs. 178, 179).

In her opposition to the government's motion, Ms. Petal resists any attempt to hold her liable for any indebtedness owed to the government, to hold her in contempt, or to otherwise sanction her. She recites at length the notice and hearing requirements set forth in the general garnishment statute, 28 U.S.C. §3205, and alleges that she is being subjected to the garnishment process without due process of law. (Rec. doc. 178). In response, the government argues that Ms. Petal was indeed afforded sufficient notice of the proceedings against her and an opportunity to be heard. (Rec. doc. 179).

As correctly pointed out by the government, "[t]he essential requirements of due process are notice and an opportunity to respond." McDonald v. City of Corinth, Texas, 102 F.3d 152, 155 (5th Cir. 1996). Because of its extremely flexible nature, whether due process has been satisfied turns on the facts of each individual case. Crowe v. Smith, 151 F.3d 217, 230-31 (5th Cir. 1998).

As noted in the procedural history set forth above, it is obvious that the respondent had ample notice of the garnishment proceedings and was afforded a meaningful opportunity to respond to same. Approximately five months after her son was sentenced Ms.

Petal, acting as attorney-in-fact for the defendant, interjected herself into this proceeding by petitioning the Court to receive and disburse certain loan proceeds. Then, just nine days after the government's application for writ of garnishment was granted as to Bosch, respondent filed an emergency motion to quash the writ in an effort to upset the government's collection efforts.  Ms. Petal was subsequently served with the final order of garnishment as well as the government's later motion for show cause order.  She subsequently requested and was granted a continuance of the first-scheduled show cause hearing and before the hearing could be held she filed a joint motion to dismiss the proceedings against her. The respondent then secured counsel who was granted yet another continuance of the show cause hearing to familiarize himself and to prepare for the proceeding.  Ms. Petal appeared at the hearing attended by counsel and testified that she was aware of her obligations under the writ of garnishment.$^{2/}$ Following the hearing, the respondent was afforded an opportunity to submit a memorandum addressing the issue of personal liability.  Indeed, with the issuance of this Report and Recommendation, she will be provided

---

$^{2/}$ The fact that Ms. Petal was afforded a hearing prior to a judgment being entered against her makes this case distinguishable from one of the two that she cited in her post-hearing brief, United States v. Andrews, 221 F.3d 894 (6th Cir. 2000).  The other case that she cites, United States v. DeCay, 620 F.3d 534 (5th Cir. 2010), has little to do with due process requirements.

with yet another opportunity to object to same as she sees fit. Ms. Petal was thus provided with an ample opportunity to be heard at a meaningful time and in a meaningful manner, the fundamental requirement of due process.  Crowe, 151 F.3d at 230-31.

The FDCPA provides that "[t]he United States ... may join as an additional defendant in an action or proceeding any person reasonably believed to owe money ... to the debtor arising out of the transaction or occurrence giving rise to the debt."  28 U.S.C. §3012.  Furthermore, 28 U.S.C. §3013 provides as follows:

> [t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter.

The Fifth Circuit has interpreted §3013 as vesting a district court with broad discretion, with notice to the interested parties, to join additional non-parties as judgment debtors where those non-parties were used to frustrate the government's collection efforts. FTC v. National Business Consultants, Inc., 376 F.3d 317, 320-21 (5th Cir. 2004), cert. denied, 544 U.S. 904, 125 S.Ct. 1590 (2005). See also United States v. Vitek Supply Corp., 151 F.3d 580, 585-86 (7th Cir. 1998).  In those cases, however, the debtor had transferred his assets to other closely-held corporations or, in the cited criminal matter, the corporate defendant had expended money on various other debts rather than devoting those monies to

8

court-ordered restitution subsequent to being sentenced.  In contrast, in the present case Ms. Petal is not the debtor nor was she ever formally named as a garnishee.  She owed no money to the defendant/debtor, had no interest in the rental proceeds from defendant's property, derived no profit therefrom, and was simply the conduit through which the rents in the hands of the garnishee were funneled to the mortgage company pursuant to her erroneous and misguided belief that the mortgage primed the restitution order. Indeed, Ms. Petal testified at the show cause hearing that she had to supplement the rental proceeds with her own funds to meet the monthly mortgage payments which was apparently insufficient to thwart foreclosure proceedings.

   Moreover, in addition to her accounting obligations, the final order of garnishment that was signed by the District Judge on April 29, 2010 obligated Ms. Petal only to provide the government with "[a]ny amounts previously post-dated ... upon reaching the payable date."  On cross-examination at the show cause hearing, Bosch testified that he pre-paid rents through January of 2010.  Thus, by the time that the final garnishment order was signed, it appears that there were no post-dated checks in Ms. Petal's possession that she was obligated to produce.  And by June 1, 2010, another lease had been entered into with the rental checks being made payable directly to the mortgage company, not Ms. Petal.  At that point,

9

she undoubtedly had no valid claim to the funds.  Under these circumstances, it would be inequitable to render the substantial money judgment that the government seeks against Ms. Petal personally when the debtor's rental proceeds that were earmarked for the mortgage company were, at best, only transiently in her hands.

Ms. Petal's failure to abide by her court-ordered accounting obligations, however, falls into a different category as do her actions in inducing Mr. Bosch to ignore the outstanding garnishment order.  As noted by the government, nothing in the FDCPA supersedes the authority of a court "... to exercise the power of contempt under any Federal law."  28 U.S.C. §3003(c)(7)(C).  "In a civil contempt proceeding, the party seeking an order of contempt need only establish (1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order."  FDIC v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995)(citing Martin v. Trinity Industries, Inc., 959 F.2d 45, 47 (5th Cir. 1992)).  The payment of funds as a remedial measure may properly be ordered in a civil contempt proceeding.  In re Bradley, 588 F.3d 254 (5th Cir. 2009).

Respondent at the show cause hearing acknowledged her obligations under the final order of garnishment and admitted that she had not complied with its terms until the time that the hearing

was held.  While the order in question did not set forth a specific date for Ms. Petal to furnish the accounting required, she was aware that she had an obligation to do so and simply did not comply within a reasonable time.  Such serves as a valid basis to enter a money judgment against her.

In addition, facts adduced at the evidentiary hearing establish that Ms. Petal deliberately induced Mr. Bosch to disregard the garnishment notice that he received, leading him to believe that "things would be taken care of" and that the mortgage holder on the property had a right greater than that of the Government.  The Court finds that her behavior, in no small part, resulted in Mr. Bosch's having to pay additional funds to the Government for violating the garnishment order.  Furthermore, the testimony clearly supports a finding that the new lease which was entered into, requiring the tenant to tender funds directly to the mortgage holder, arose as a result of a further effort on Ms. Petal's part to subvert the orders of this Court.

The record, however, further supports the fact that Ms. Petal, herself, received no economic benefit as a result of money being forwarded to the mortgage holder.  Therefore, the Court believes that a money judgment of $3,000.00 would adequately serve to recognize that, while Ms. Petal's actions were grossly inappropriate and must be sanctioned, she reaped no personal

benefit therefrom.  The Court further notes that, had rental checks been forwarded to the government rather than the mortgage company as required by the garnishment, the bank would undoubtedly have reactivated its foreclosure proceedings which would have resulted in limited funds reaching the government's possession in the last analysis.  For these reasons, the Court declines to recommend a substantial money judgment against Ms. Petal. Nevertheless, Ms. Petal failed to comport herself in a fashion required by the outstanding orders of this Court, of which she was fully aware, and this fact cannot be ignored.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that a money judgment be entered in favor of the government and against the respondent, Ruth Petal, in the amount of $3,000.00.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __24th__ day of _____January_____, 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE